**In re BELL & BECKWITH, Debtor.**

**Bankruptcy No. 83–0132.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 31, 1990.

Fuller & Henry, Toledo, Ohio, for trustee.

Stephen P. Harbeck, Washington, D.C., for SIPC.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Claimants' Objection to the Trustee's Final Determination of their customer claim. The Trustee has filed a Counterclaim seeking approval of the Motion to Confirm the Determination of the Claim of John and Mary Brauninger. A preliminary Hearing on the Motion was held. At the Hearing, both parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the evidence and arguments presented, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that Objection to the Trustee's Final Determination should be overruled, and the Trustee's Motion to Confirm the Determination of the Claim of John and Mary Brauninger should be granted.

### FACTS

The facts necessary for this decision do not appear to be in dispute. Robert Fox, a stockbroker and general partner of the Debtor, Bell & Beckwith, sold certain stock to the Claimants, John and Mary Brauninger. The Brauningers allege that in 1980 Mr. Fox provided them with "insider information," thereby persuading them to purchase One Thousand (1,000) shares of stock in Passport Travel for Five Thousand Dollars ($5,000). It is also alleged the same method was used in 1981 to induce the Brauningers into acquiring Three (3) orders of One Hundred Thirty-five (135) shares each in Brent Petroleum. The purchase price totalled approximately Five Thousand Dollars ($5,000).

The Brauningers contend that in both instances the "inside information" was inaccurate. The stocks subsequently de-

creased in value to such a degree that the Brauningers were forced to sell at a significant loss. The shares in Passport Travel resulted in a loss of Three Thousand Two Hundred Thirty-four Dollars ($3,234.00), and the Brent Petroleum shares were sold at a loss of Five Thousand One Hundred Fifteen Dollars and Fifteen Cents ($5,115.15) prior to the commencement of Bell & Beckwith's bankruptcy case.

When the Debtor was found to be insolvent in 1983, the Trustee returned to the Brauningers Forty-two Dollars and Twenty Cents ($42.20), the amount in the Claimants' customer account. The Brauningers now seek approximately Nine Thousand Dollars ($9,000) in damages resulting from the allegedly fraudulent conduct of the Debtor through its agent, Robert Fox. The Trustee asserts that the payment made to the Brauningers was in complete satisfaction of the their customer claim, as that term is defined in the Securities Investor Protection Act. Any other claim that they might have must be satisfied out of the general estate of the Debtor.

## LAW

The sole issue in this case is whether the Brauningers' claim for damages resulting from the alleged fraud qualifies as a customer claim under Securities Investor Protection Act (hereinafter "SIPA") and can therefore be satisfied with funds from the Securities Investor Protection Corporation (hereinafter SIPC).

In addition, to qualify for SIPA protection, the claimant must be a "customer", which is defined as:

... any person who has a claim on account of securities received, acquired or held by the debtor in the ordinary course of its business as a broker or dealer ... (and) includes any person who has a claim against the debtor arising out of sales or conversions of such securities.

15 U.S.C. § 78lll(2) (1988).

■ Clearly, the Brauningers were "customers" under the SIPA definition. However, several courts have held that SIPA does not protect customer claims based on fraud or breach of contract. The Act is designed to remedy situations where the loss arises directly from the insolvency of the broker-dealer. *In re Government Securities Corp.*, 90 B.R. 539, 540 (Bankr.S.D.Fla.1988); *In re M.V. Securities, Inc.*, 48 B.R. 156, 160 (Bankr.S.D.N.Y.1985); *SEC v. Howard Lawrence & Co., Inc.*, 1 B.C.D. 577, 579 (S.D.N.Y.1975).

■ Under SIPA, in determining the nature of a claimant's status in relationship to the debtor, the court must look to matters as they existed on the date the liquidation proceeding was commenced. *SEC v. Aberdeen Securities Co., Inc.*, 480 F.2d 1121, 1123–1124 (3rd Cir.1973). In the case at bar, the Brauningers had Forty-two Dollars and Twenty Cents ($42.20) in cash in their account on the date of filing. The Trustee contends that by returning this money to the Brauningers, their customer claim was satisfied. The Court agrees. The claim based on the alleged fraud of Robert Fox is not a "customer claim" entitled to the insurance protection provided by SIPA. Thus, this claim must be satisfied, if at all, from the Debtor's general estate, and cannot be satisfied out of SIPC funds.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Claimants' Objection to the Trustee's Final Determination of their customer claim be, and is hereby, Denied.

It is FURTHER ORDERED that the Trustee's Motion to Confirm be, and is hereby, Granted.